*Melendez,* 148 AD2d 964, 965). Wrongful entry into an occupied residence could result in the "the very harm that the increased penalty for burglary of a dwelling was designed to prevent, namely 'midnight terror' and the 'danger to human life, growing out of the attempt to defend property from depredation' " (*People v Quattlebaum, supra,* at 747, quoting *Quinn v People,* 71 NY 561, 567). Here, there was no occupant; the owner lived elsewhere and neither apartment was rented at the time of the burglary.

We reject the contention of defendant that prosecutorial misconduct during summation deprived him of a fair trial. Only one claim of misconduct is preserved for our review (*see generally, People v Dien,* 77 NY2d 885, 885-886) and, in any event, we conclude that "[d]efendant has failed to show that remarks by the prosecutor * * * had a 'decided tendency to prejudice the jury' " (*People v Halm,* 81 NY2d 819, 821, quoting *People v Ashwal,* 39 NY2d 105, 110).

We have examined defendant's remaining contention and conclude that it lacks merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. POORMON, Appellant. (Appeal No. 1.) [718 NYS2d 665] —Judgment unanimously affirmed (*see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Seneca County Court, Bender, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. POORMON, Appellant. (Appeal No. 2.) [718 NYS2d 672] —Judgment unanimously affirmed (*see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Seneca County Court, Bender, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. POORMON, Appellant. (Appeal No. 3.) [718 NYS2d 671] —Judgment unanimously affirmed (*see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Seneca County Court, Bender, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. POORMON, Appellant. (Appeal No. 4.) [718 NYS2d 673]

—Judgment unanimously affirmed (*see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Seneca County Court, Bender, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. ROBINSON, Appellant. (Appeal No. 1.) [718 NYS2d 672] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contentions that he was denied his constitutional right to a speedy trial (*see, People v Jordan,* 62 NY2d 825, 826; *People v Debo,* 234 AD2d 944, 945, *lv denied* 89 NY2d 984) and that he was deprived of his right to due process of law as the result of preindictment delay (*see, People v Cedeno,* 52 NY2d 847, 848; *People v Mike,* 212 AD2d 999, 1000, *lv denied* 86 NY2d 738). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Attempted Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. ROBINSON, Appellant. (Appeal No. 2.) [718 NYS2d 668] —Judgment unanimously affirmed. Same Memorandum as in *People v Robinson* (278 AD2d 901 [decided herewith]). (Appeal from Judgment of Cayuga County Court, Corning, J.— Attempted Grand Larceny, 4th Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.

■ In the Matter of LYNN M. W. and Others, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES W., Appellant. [718 NYS2d 549] —Order unanimously affirmed without costs. Memorandum: Family Court properly determined that respondent permanently neglected his children and transferred the care and custody of the children to petitioner. Respondent's children, all of whom are diagnosed with emotional disorders and require various degrees of high level care, were placed in foster care in 1991 and then again in 1992. Respondent was incarcerated at that time but, upon his release in March 1996, respondent began to work with petitioner to enable the children to return to him. Contrary to the contention of respondent, petitioner proved by clear and convincing evidence that he failed to plan for the future of his children despite petitioner's diligent efforts to encourage and strengthen the parental relationship (*see,* Social Services Law § 384-b [7] [a]). We agree with the court's conclusion that, al-